Benjamin Franklin PHILLIPS,
Plaintiff-Appellant,

v.

Telfair J. MASHBURN, Judge, Mobile,
AL.; Joseph D. Quinlivan, Jr., Atty.;
Reynolds T. Alonzo, Jr., Atty.; A. Neil
Hudgens & Associates, John W. Cole-
man & Associates, Defendants-Appel-
lees.

No. 83-7629
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 15, 1984.

Before TJOFLAT, HILL and ANDER-SON, Circuit Judges.

PER CURIAM:

Benjamin Franklin Phillips, an Alabama state prisoner, brings this 42 U.S.C. § 1983 (1982) action in forma pauperis against a state court judge and the attorneys who represented him in a state court criminal proceeding before another judge. The district court, acting upon a magistrate's recommendation, summarily dismissed the action as frivolous before service of process on the defendants pursuant to 28 U.S.C. § 1915(d) (1982). We affirm.

I.

Following Phillips' conviction in state court, he brought a state court action for legal malpractice against the attorneys who represented him during his criminal proceedings. Judge Mashburn dismissed the malpractice case. Phillips, proceeding in forma pauperis and pro se, then filed this suit in the district court under 42 U.S.C. § 1983 (1982), claiming that Judge Mashburn and the defendant attorneys conspired together to deprive Phillips of his right to pursue his malpractice action in the courts. The conspiracy was alleged in a conclusory manner without any operative facts. Phillips sought $400,000 in damages.

The Magistrate recommended that Phillips' motion to proceed in forma pauperis be granted and that his complaint be summarily dismissed as frivolous for attempting to retry the state court malpractice litigation under the auspices of section 1983. The district court dismissed the action without prejudice and denied leave to appeal in forma pauperis. This court

granted the motion to appeal in forma pauperis.

## II.

28 U.S.C. § 1915(a) (1982) allows a person, unable to afford the cost of litigation, to commence an action in federal court without the prepayment of fees. The court, however, has a special measure of control to ensure this privilege is not abused; 28 U.S.C. § 1915(d) provides that in forma pauperis proceedings may be dismissed sua sponte by the court "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

 Dismissal of a pro se complaint by a prisoner pursuant to section 1915(d) involves competing policy considerations. On the one hand, access to the federal courts is necessary to protect the prisoner's constitutional rights. *See Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir.1984). To protect such access, pro se complaints are liberally construed, and the lay pleader is not held to the more rigorous standard for formal pleadings prepared by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Harmon*, 728 F.2d at 1409. This circuit has adopted the standard in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), to determine the sufficiency of a complaint for purposes of section 1915(d), *i.e.*, that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir.1983) (quoting *Conley v. Gibson, supra*).

 The trial court must develop the facts of the pro se case until satisfied about its lack of merit before dismissal under section 1915(d). *Jones v. Bales*, 58 F.R.D. 453, 464 (N.D.Ga.1972) *aff'd*, 480 F.2d 805 (5th Cir.1973).[1] The court usually requires service of process and the defendant's answer before making such a decision. This expansion of the record protects the unskilled litigant by enabling the court to make a more informed decision about the action. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir.1983). Of course, the court may dismiss sua sponte under section 1915(d) prior to service of process. *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir.1974).

On the other hand, there are compelling reasons for immediately dismissing frivolous actions by state prisoners. We have previously adopted the following rationale:

> Persons proceeding in forma pauperis are immune[2] from imposition of costs if they are unsuccessful; and because of their poverty, they are practically immune from later tort actions for "malicious prosecution" or abuse of process. Thus indigents, unlike other litigants, approach the courts in a context where they have nothing to lose and everything to gain. The temptation to file complaints that contain facts which cannot be proved is obviously stronger in such a situation. For convicted prisoners with much idle time and free paper, ink, law books and mailing privileges the temptation is especially strong. As Justice Rehnquist has noted, "Though [an inmate] may be denied legal relief, he will nonetheless have obtained a short sabbatical in the nearest federal courthouse." *Cruz v. Beto*, 405 U.S. 319, 327, 92 S.Ct. 1079, 1084, 31 L.Ed.2d 263 (1972) (dissenting).

*Jones v. Bales, supra* at 463. Such prison recreation imposes significant costs on the judicial system and the general public. Frivolous suits unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant re-

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2. *But see Harris v. Forsyth*, 735 F.2d 1235 (11th Cir.1984) (permitting assessment of costs against an appellant proceeding in forma pauperis is within the discretion of the court).

sources in their defense. Finally, meritless actions offer inmates an unrestricted method of harassing prison and law enforcement officials.

The pauper's affidavit should not be a broad highway into the federal courts. *Jones v. Ault,* 67 F.R.D. 124, 127 (S.D.Ga. 1974), *aff'd mem.,* 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit. *Collins v. Cundy,* 603 F.2d 825, 828 (10th Cir.1979). Clearly, these considerations counsel that the district court must have wide discretion in denying a motion to proceed as a pauper when the complaint is frivolous. It is within this context that we examine Phillips' claim that his in forma pauperis suit should not have been dismissed as frivolous until after the defendants had been compelled to respond.

### III.

We note that the district court incorrectly dismissed Phillips' action as an attempt to retry the state lawsuit. Phillips' allegations, if proven, might entitle him to some relief: a state court judge, although immune from damages under section 1983, when acting in conspiracy with private defendants can supply the state action nexus required for a section 1983 suit. *Dennis v. Sparks,* 449 U.S. 24, 27–28, 101 S.Ct. 183, 186–87, 66 L.Ed.2d 185 (1980).

Phillips' complaint, however, makes no particularized showing that a conspiracy existed between the defendant lawyers and the judge; it only alleges that the defendants won the lawsuit. Obviously, being on the winning side of a lawsuit does not make a defendant a co-conspirator or a joint actor with the judge who presided over the case. *Id.,* at 28, 101 S.Ct. at 186. We must therefore decide whether the district court erred by dismissing sua sponte an in forma pauperis pro se complaint which alleged a cognizable section 1983 action based on a conspiracy between a state judge and private defendants, but contained inadequate supporting factual averments.

We hold that the district court properly exercised its discretion in dismissing the complaint pursuant to section 1915(d). The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action. *Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983). To secure the privilege of proceeding in federal court without the prepayment of fees, the in forma pauperis plaintiff must provide an adequate basis for believing a conspiracy existed before the court is required to compel the defendants to answer. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by inmates with "nothing to lose." *Cruz v. Beto, supra,* at 327, 92 S.Ct. at 1084. The district court amply protected the nonprofessional, pro se litigant in this situation by dismissing the suit without prejudice. Thus, Mr. Phillips is free to file a new complaint, in forma pauperis, alleging sufficient facts to substantiate the conspiracy.

AFFIRMED.