**Alonzo H. JONES, Petitioner-Appellant,**

v.

**Ernest MORRIS, et al.,
Defendants-Appellees.***

No. 84–2639.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 12, 1985.

Decided Nov. 27, 1985.

appear as *amicus curiae* to support the district court's interpretation of 28 U.S.C. § 1915.

Alan Mills, Chicago, Ill., for petitioner-appellant.

Mary Rigdon, Asst. U.S. Atty., Chicago, Ill., for defendants-appellees.

Before COFFEY, EASTERBROOK and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

The appellant, Alonzo Jones, filed a *pro se* complaint and a petition for leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a).[1] The district court denied this petition. In its view, the complaint's eighth amendment claims alleged only negligence and thus failed to state a deprivation of constitutional magnitude. Accordingly, the district court determined that the IFP petition was barred by 28 U.S.C. § 1915(d)—a provision which allows the dismissal of an IFP proceeding if the complaint is either frivolous or malicious.[2]

For the reasons which follow, we reverse and remand this case for further proceedings.

## SUMMARY OF FACTS AND PROCEEDINGS

In January 1981, the appellant was an inmate at the Stateville Correctional Center in Joliet, Illinois. On the morning of January 19, he sustained injuries when he fell through a scaffolding located in the Cellhouse B Plumbing Tunnel at Stateville. On December 5, 1983, the appellant commenced the present action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging a violation of eighth amendment rights.

In his complaint, the appellant stated the fact of his injury and alleged that his fall was due to various prison officials' failing to exercise reasonable care. However, in addition, the complaint alleged that the prison officials acted with "reckless or careless disregard or indifference to ... [the appellant's] rights and safety." The appellant later amplified these recklessness claims in a "Petition for Rehearing" which he submitted to the district court after its initial dismissal of his complaint. In that petition, the appellant alleged that the prison officials both (1) knew of the dangerous conditions that caused his injuries and (2) acted with "deliberate indifference" and "callous disregard" for his safety.

At the same time as he filed his *pro se* complaint, the appellant also filed a petition for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). On January 25, 1984, the district court denied this petition. In a written opinion, the court held that the appellant's claim alleged only negligence and, thus, was not sufficient to state an eighth amendment violation actionable under section 1983. On this basis, it denied the IFP petition under 28 U.S.C. § 1915(d).[3] After an unsuccessful attempt at rehearing in the district court,[4] described in the foregoing paragraph, this appeal followed.

## DISCUSSION

We resolve the matter before us not by breaking new ground but by reiterating

1. 28 U.S.C. § 1915(a) provides, in pertinent part: "Any court of the United States may authorize the commencement ... of any suit ... without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."
   This filing was accompanied by a financial affidavit which is not in issue in this appeal.

2. The text of 28 U.S.C. § 1915(d) reads: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

3. This inference is warranted by the language of the district court's opinion. *See United States ex rel. Jones v. Franzen,* 676 F.2d 261, 264 (7th Cir.1982).

4. In its order of August 21, 1984, the district court denied the appellant's motion to reconsider.

our adherence to the policy decisions already made by the Congress in section 1915 of the Judicial Code (28 U.S.C. § 1915). As the Eleventh Circuit pointed out in *Phillips v. Mashburn*, 746 F.2d 782, 784 (11th Cir.1984), that section embodies a delicate balance between access to the courts and the need to curb the abuses necessarily associated with *in forma pauperis* litigation. On the one hand, the right to proceed *in forma pauperis* ensures that the indigent litigant has meaningful access to the federal justice system. At the same time, though, the Congress has recognized that the litigant who takes advantage of this manner of proceeding, unlike his non-indigent counterpart, is not subject to the same economic disincentives to filing frivolous, malicious, or repetitive lawsuits. *Id.* These improperly taken suits can clog the courts and reduce the capacity of the entire system to deal effectively with truly meritorious claims.

Congress has chosen to strike the balance between these competing policy concerns by permitting the district court to dismiss with prejudice those claims which are frivolous or malicious. In this circuit, the district court conducts this inquiry even before the defendants are served. *See Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State of Wisconsin*, 510 F.2d 130, 134 (7th Cir. 1975). While this dismissal prerogative is committed to the sound discretion of the district court, that discretion is limited " 'in every case by the language of the statute itself which restricts its application to complaints found to be frivolous or malicious.' " *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C.Cir.1985) (quoting *Brandon v. District of Columbia Board of Parole*, 734 F.2d 56, 59 (D.C.Cir.1984)).

In this case, the district court wrote a memorandum opinion which has greatly expedited our review. The thoroughness of that opinion makes clear that our disagreement with the district court is indeed narrow and fact-specific. In its memorandum opinion, the district court properly acknowledged that in a case such as this, where the plaintiff is proceeding *pro se*, the sufficien-

cy of the complaint is measured by standards which are substantially less stringent than those which govern when professional counsel drafts the complaint. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The district court also recognized that, for a prisoner to state an eighth amendment cause of action challenging inadequate prison conditions, there must be an allegation that the prison officials have " 'knowingly maintained conditions so harsh as to shock the general conscience.' " *Soto v. Dickey*, 744 F.2d 1260, 1268 (7th Cir.1984) (quoting *Stringer v. Rowe*, 616 F.2d 993, 998 (7th Cir.1980)). In our view, however, the district court misapplied these standards to the facts of this case. We believe that the appellant's complaint was sufficient to survive the initial section 1915(d) scrutiny; thus, the complaint should have been filed and the defendants should have been given the opportunity to offer responsive pleadings.

We emphasize the fact-specific nature of our holding. The complaint, typed on a pre-printed form, specifically charged that the defendant prison officials had been "reckless" in their disregard for the appellant's safety on the scaffolding. The appellant's "Petition for Rehearing," which the district court properly regarded as an amendment to the complaint (*see Matzker v. Herr*, 748 F.2d 1142, 1148 n. 5 (7th Cir.1984)), specifically stated that the appellant was alleging more than the sort of activity that might form the basis of a negligence action. Rather, the appellant alleged that his accident was the result of the defendants' "deliberate indifference" in failing to repair a danger that they knew to exist. "Plaintiff's claim," he wrote, "is not one of 'mere negligence' but one in which the secnario [sic] of events which occured [sic] shall prove a reckless indifference and callous disregard for the safety of plaintiff." (Petition for Rehearing at 7.)

In *Corgain v. Miller*, 708 F.2d 1241 (7th Cir.1983), this court noted that, for purposes of evaluating a complaint at the threshold of the litigation process, "an action is frivolous only if the petitioner can

make no rational argument in law or facts to support his claim for relief." *Id.* at 1247. In our view, the prisoner's complaint in this case meets this standard. He set forth—albeit in outline form [5]—the factual setting of the alleged injury and charged the prison officials with "deliberate indifference" to his life and safety.

The Supreme Court has held that an allegation of deliberate indifference will, in the context of medical care, be sufficient to state an eighth amendment claim. *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This court, while cautioning that courts "are ill-equipped to supervise the judgments of prison officials," *Matzker,* 748 F.2d at 1148, has nonetheless acknowledged that "[k]nowingly exposing an inmate to violence ... by fellow inmates shocks modern sensibilities and serves no legitimate penological purpose." *Id.* at 1149.[6] *See Smith v. Wade,* 461 U.S. 30, 55, 103 S.Ct. 1625, 1639, 75 L.Ed.2d 632 (1983) ("there is no societal interest in protecting those uses of a prison guard's discretion that amount to reckless or callous indifference to the rights and safety of the prisoners in his charge"). *See also Joseph v. Brierton,* 739 F.2d 1244, 1246 (7th Cir.1984) (prison guards allowing mentally deranged prisoner "to live in bestial conditions" and neglecting obviously severe mental illness "thus causing or hastening his death").

More recently, this court has suggested that an allegation of deliberate indifference to a prisoner's safety from physical surroundings might be sufficient to sustain a cause of action. *See Benson v. Cady,* 761 F.2d 335, 339–40 (7th Cir.1985).[7] This view is in accord with the position of the Eighth Circuit. *See Ray v. Mabry,* 556 F.2d 881, 882 (8th Cir.1977); *see also Finney v. Arkansas Board of Correction,* 505 F.2d 194, 201 (8th Cir.1974). Under these circumstances, the appellant's allegations are sufficient to meet the "frivolous" standard of section 1915. *See Corgain,* 708 F.2d at 1247.

By acknowledging that the discretion of the district court is limited by the terms of the statute, we fulfill the congressional mandate to safeguard the access of indigent plaintiffs to the federal courts. Yet, it may seem that such an approach overly impinges upon the countervailing consideration—also reflected in the statutory scheme—of eliminating non-meritorious lawsuits from those same courts. However, this seeming contradiction disappears when one looks at the entire justice system—not just its initial steps. While the premature dismissal of a suit may temporarily relieve some of the burdens on the district courts, it also creates an ambiguous record which is destined to haunt both the appellate and trial courts for months—and perhaps years. Our court recognized the

---

5. We do not hold that the mere incantation of magic words such as "recklessness" will transform a negligence complaint into an eighth amendment constitutional claim. There must be some indication that, if the matter proceeds beyond this threshold level, such allegations can be supported by specific facts such as a history of accidents or a previous request for repairs that had fallen on deaf ears. Here, reading the complaint in light of *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we believe that the papers submitted by the prisoner, acting *pro se,* meet this requirement.

6. While we realize that *Matzker* dealt with pretrial detainees' allegations of due process violations, in that case the court acknowledged that the enunciated principles are equally applicable to allegations of eighth amendment violations. *Matzker,* 748 F.2d at 1149.

7. Our decision today leaves undisturbed the holding in *Benson.* There, faced with the review of a dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court evaluated a complaint which was drafted with the assistance of counsel. 761 F.2d at 338. The court found that there was significant disparity between the complaint's factual allegations and its legal conclusions. Accordingly, because the complaint contained only bare allegations of deliberate indifference, it was insufficient to state a claim.

In our present case, the appellant has filed *pro se.* Also, the challenged dismissal was exercised pursuant to 28 U.S.C. § 1915(d), not Fed.R. Civ.P. 12(b)(6).

potential for this problem when, in *Wartman*, it warned that close cases ought to be resolved in favor of allowing the claim to proceed to the point where responsive pleadings are required. "If the matter is later dismissed there at least would be two opposing parties at the appellate level." 510 F.2d at 133 n. 6. Indeed, the responsive pleadings might produce a more secure ground for disposition at the trial level and render useless any appeal. *Cf. Phillips*, 746 F.2d at 784.

As a final point, we earlier noted that the district court took the time to write an opinion explaining why this case ought to be dismissed. This practice not only greatly facilitates the process of appellate review but also ensures that the trial court has carefully considered the allegations of the complaint and the applicable law. *Sills*, 761 F.2d at 794. We believe this practice ought to be the norm in all section 1915(d) cases where the basis for dismissal is not evident on the face of the complaint. We are aware of the great caseloads now facing the district courts of this circuit and do not wish to impose additional burdensome requirements on them. However, we believe that this new practice is essential if we are to efficiently carry out our reviewing responsibility.

Since we believe that the district court exceeded the bounds of the narrow statutory directive in this case, the judgment is reversed and the case is remanded for proceedings consistent with this opinion.

So ORDERED.