**E. Princess ROLLINGS, et al., Plaintiffs,**

v.

**LIBERTY HILL ELDER CARE, Defendant.**

No. 87 C 3249.

United States District Court, N.D. Illinois, E.D.

April 10, 1987.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

E. Princess Rollings, Herbert L. Rolling and Lawrence Rolling (collectively "Rollings") have tendered a pro se Complaint against Liberty Hill Elder Care Home ("Liberty Hill"), seeking leave to file in forma pauperis and asking for appointment of counsel. For the reasons stated in this memorandum opinion and order, leave to file in forma pauperis is denied.[1]

Rollings clearly qualify for in forma pauperis treatment in financial terms. That however is only half the battle, for their Complaint must also qualify as non-"frivolous" in the sense defined by *Wartman v. Milwaukee County Court,* 510 F.2d 130, 134 (7th Cir.1975) and *Jones v. Morris,* 777 F.2d 1277, 1279 (7th Cir.1985). For that purpose Rollings get the benefit of two principles mandating favorable treatment of their Complaint:

1. Under *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam) pro se litigants are entitled to a broadly liberal and imaginative reading of their claims.

2. Under *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232,

**1.** That renders the request for appointment of counsel moot.

81 L.Ed.2d 59 (1984) a complaint must survive unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."

There is a tendency on the part of non-lawyers to consider federal courts as the ultimate guardians of individual rights and liberties. Most (if not all) federal judges hope that perception is accurate—but what nonlawyers seldom realize, and what federal judges must always focus on from the very beginning, is that not all claims can be brought into the federal courts. There must be a specific basis for federal jurisdiction, because federal courts (unlike state courts) are *not* courts of general jurisdiction, able to hear all disputes between parties.

Rollings view this case as one to enforce their civil rights. They call on the Fourteenth Amendment for that purpose. But the Fourteenth Amendment protects only against *state* action—actions by governmental and not private parties.[2] That means Liberty Hill—a nongovernmental body—cannot be sued in federal court on the claims identified in the Complaint.

Accordingly Rollings' claim must be characterized as "frivolous" in the limited legal sense defined by *Wartman* and *Jones*.[3] Leave to file in forma pauperis is denied. This is of course without prejudice to Rollings' ability to proceed in the Illinois state courts.

---

**2.** This Court has also considered the post-Civil-War Civil Rights Acts that *do* apply to and limit conduct by private persons (the equal rights provisions of 42 U.S.C. § 1981 and the anti-civil-rights conspiracy provisions of 42 U.S.C. § 1985). Those statutes cover only specified kinds of conduct, and even with the necessary favorable inferences (including the assumption that Rollings may be black persons, stemming from the fact that Complaint ¶ L describes Law-

rence Rolling as *"the only man of his ethnic group* in the entire facility" (emphasis in original)), Rollings' claim does not qualify under either statute.

**3.** Nothing said here should be misunderstood as expressing any opinion on whether Rollings do or do not have a valid claim against Liberty Hill under state law.