**James L. SLAUGHTER, Plaintiff,**

v.

**Sgt. M. ANDERSON # 835, Off. G. Ostafin # 10251, Off. R. Spraggins # 17449, Off. L. Jones # 12440, Off. R. Bresnahan # 8238, Defendants.**

No. 87 C 9803.

United States District Court, N.D. Illinois, E.D.

Nov. 19, 1987.

James L. Slaughter, pro se.

### MEMORANDUM ORDER

SHADUR, District Judge.

James L. Slaughter ("Slaughter") asks leave to file this civil rights action in forma pauperis under 42 U.S.C. § 1983 ("Section 1983") against five City of Chicago police officers. Slaughter alleges these things, which this Court accepts as true for present purposes:

1. Defendants kicked open his apartment door and arrested him in the early morning hours of December 18, 1986.
2. Defendants failed to secure Slaughter's apartment before taking him to the police station.
3. During Slaughter's absence, someone entered his unsecured apartment and removed numerous items of personal property.

Slaughter brings this action to recover for that loss of property.

Though such a claim sounds (at least potentially) in due process, Slaughter's allegations do not suggest the kind of culpability needed for a due process claim. Under *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986) (overruling *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)), an unintended loss of property resulting from an official's negligence does not implicate the Due Process Clause. Defendants' failure to secure Slaughter's apartment before leaving amounts to nothing more than negligence. As such, it is not actionable under Section 1983.

Even were this Court to assume that defendants left Slaughter's apartment open with the express intention of allowing third parties to remove his property,[1] the Com-

---

1. Under *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam), pro se litigants such as Slaughter get the benefit of an expansive reading of their self-prepared pleadings. That special solicitude piggybacks onto the favorable inferences to

**930**

plaint would still not state an actionable Section 1983 claim for relief. To satisfy the Fourteenth Amendment, all the state has to do in response to a wrongful deprivation of property occasioned by the random and unauthorized intentional act of a public official is to provide an adequate postdeprivation remedy (*Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203–04, 82 L.Ed.2d 393 (1984)). As the following discussion reflects, Illinois has done that.

Although the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Act") substantially limits the liability of public employees, Act § 2–202 (Ill.Rev.Stat. ch. 85, ¶ 2–202) specifically denies such immunity to public employees who engage in "willful and wanton conduct." Intentional misconduct falls within the meaning of "willful and wanton conduct" under the Act (see Act § 1–210; *Breck v. Cortez*, 141 Ill.App.3d 351, 360, 95 Ill.Dec. 615, 620, 490 N.E.2d 88, 94 (2d Dist.1986); *Glover v. City of Chicago*, 106 Ill.App.3d 1066, 1074–75, 62 Ill.Dec. 597, 604, 436 N.E.2d 623, 630 (1st Dist.1982)). Thus, even to the extent Slaughter's complaint can be stretched to allege intentional misconduct on defendants' part, the availability of a state postdeprivation remedy bars any constitutionally cognizable claim for relief.

Because Slaughter's complaint is therefore facially "frivolous" in the legal sense defined by *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir.1983), leave to file this Section 1983 action in forma pauperis is denied (*see Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir.1985)). This order, of course, is without prejudice to Slaughter's ability to bring suit in a state court of competent jurisdiction.

---

which every plaintiff is entitled in testing his or her complaint for the presence of a cause of action (*Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984)). In combination, those two principles give Slaughter the benefit of every doubt. All

the same, the assumption just made in the text represents a real stretch beyond Slaughter's actual allegations. It is simply an effort to show that Slaughter cannot get into federal court on *any* reading of his Complaint.