**Mark Allen McBRIDE and Inmates Confined at Stateville Correctional Center,[1] Plaintiffs,**

v.

**ILLINOIS DEPARTMENT OF CORRECTIONS, et al., Defendants.**

No. 87 C 9475.

United States District Court, N.D. Illinois, E.D.

Dec. 23, 1987.

---

1. This is how the pro se Complaint is styled, though all its factual allegations are framed in purely individual terms relating to the named plaintiff. Under the circumstances reflected in the text of this opinion, there is no need to complicate matters by dealing with potential class action issues.

**538**

Mark Allen McBride, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Mark Allen McBride ("McBride") asks leave to file without prepayment of the filing fee a Complaint for damages and injunctive relief under 42 U.S.C. § 1983 ("Section 1983").[2] Though McBride is currently confined at Menard Correctional Center, this action challenges the constitutionality of the conditions of his confinement during the time he was incarcerated at Stateville Correctional Center ("Stateville"). Because the Complaint's allegations are insufficient to state a claim for relief under Section 1983, this Court denies McBride's motion for leave to file in forma pauperis.

McBride challenges the conditions in each of the three Stateville units in which he was housed: orientation, D–House general population, and protective custody. What he protests is not overcrowding, but rather his being "exposed to breathing his cellmate's solid waste and urine. Also cellmate's body odor." In several different ways he complains primarily of offenses against his olfactory sense, suffered in the various cells McBride spent time in during his stay at Stateville.

 Under the Eighth Amendment[3] no one in custody may be subjected to "punishments which involve unnecessary and wanton infliction of pain, are grossly

---

2. McBride is no stranger to this Court or its colleagues: From available court records, he has previously filed at least six civil rights cases in this district. In *McBride v. DeRobertis*, 84 C 1453 [Available on WESTLAW, 1987 WL 13409] this Court, on the basis of the results of a court-ordered psychological evaluation, appointed a guardian ad litem to protect McBride's interests (slip op. May 28, 1985). As this Court recently noted in *McBride v. Lane*, 87 C 6566 (N.D.Ill. Aug. 20, 1987), McBride's continued court contacts have given little reason to believe he has regained his competency. Had the Complaint in this case demonstrated sufficient merit to require a response from defendants, this Court would have had to decide whether to follow its prior practice of denying McBride's

motion for leave to file in forma pauperis without prejudice, meanwhile referring the Complaint to his guardian ad litem for consideration. However, no decision as to whether to order such a referral is necessary here because the Complaint is frivolous as a matter of law.

3. This opinion follows the universal (though imprecise) practice of referring to a Bill of Rights provision, instead of referring more precisely to the Fourteenth Amendment, which incorporates the Eighth Amendment and makes it applicable to the States (*Robinson v. California*, 370 U.S. 660, 666–67, 82 S.Ct. 1417, 1420–21, 8 L.Ed.2d 758 (1962)).

disproportionate to the severity of the crime for which [the] inmate was imprisoned, or are totally without penological justification" (*Meriwether v. Faulkner,* 821 F.2d 408, 415 (7th Cir.1987), citing *Rhodes v. Chapman,* 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)). Conditions of confinement, part of the punishment inherent in a prison sentence, are subject to Eighth Amendment scrutiny (*Meriwether, id.*). In determining whether a particular condition constitutes cruel and unusual punishment, courts must consider the condition in light of "the evolving standards of decency that mark the progress of a maturing society" (*Rhodes,* 452 U.S. at 346, 101 S.Ct. at 2399, quoting *Trop v. Dulles,* 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958)); *French v. Owens,* 777 F.2d 1250, 1251 (7th Cir.1985), *cert. denied,* — U.S. ——, 107 S.Ct. 77, 93 L.Ed.2d 32 (1986)).

■ Conditions that are harsh or cause discomfort do not necessarily violate the Eighth Amendment (*Caldwell v. Miller,* 790 F.2d 589, 600–01 (7th Cir.1986)). Prisons need not be designed to accommodate the squeamish. For conditions to transgress the constitutional prohibition against cruel and unusual punishment, they must be "so harsh as to shock the general conscience" (*Bono v. Saxbe,* 620 F.2d 609, 613 (7th Cir.1980)) or "result in an 'unquestioned and serious deprivation of basic human needs' " (*Caldwell,* 790 F.2d at 601 n. 16, quoting *Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399). Judged by those standards, the conditions described by McBride are not so shocking as to give rise to a colorable Eighth Amendment claim.

■ McBride is disturbed mostly by odors—odors from his cellmate, odors from the toilet and odors from the spray used to control roach infestation. No doubt such odors are at times disagreeable, but they do not typify the shockingly inhumane or barbarous conditions generally characterized as cruel and unusual punishment. Given the close confines of a prison cell, such assaults on the olfactory nerve are unavoidable. Mere unpleasantness of life in a two-man cell is not enough to violate the Eighth Amendment (*Smith v. Fairman,* 690 F.2d 122, 125–26 (7th Cir.1982), *cert. denied,* 461 U.S. 946, 103 S.Ct. 2125, 77 L.Ed.2d 1304 (1983)). Nor do McBride's allegations of lack of rehabilitative programs give rise to an actionable claim (*Bono,* 620 F.2d at 615). Viewed in their totality, the conditions about which McBride complains simply do not constitute cruel and unusual punishment.

■ Accordingly, this Court concludes McBride's complaint is legally "frivolous" within the meaning of *Jones v. Morris,* 777 F.2d 1277, 1279 (7th Cir.1985). In accordance with the teaching of *Wartman v. Milwaukee County Court,* 510 F.2d 130, 134 (7th Cir.1975), leave to file this action in forma pauperis is denied. McBride's motion for appointment of counsel is denied as moot.