968 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David M. ROMAN, Plaintiff-Appellant,
v.
Gerald D. GLASS, Defendant-Appellee.
 No. 92-6259.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 13, 1992
Decided: July 20, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-92-392-HAR)
 David M. Roman, Appellant Pro Se.
 D.Md.
 AFFIRMED AS MODIFIED.
 Before MURNAGHAN, SPROUSE, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 David Roman filed this action against retained counsel who defended him in a federal criminal matter. Roman alleged that the attorney conspired with the government to deny him a fair trial and discriminated against him on the basis of his ethnic background. The district court sua sponte dismissed the action upon the determination that a private attorney is not amenable to suit under 42 U.S.C. § 1983 (1988). The dismissal was with prejudice.
 
 
 2
 Under Neitzke v. Williams, 490 U.S. 319 (1989), a district court may dismiss claims pursuant to 28 U.S.C. § 1915(d) (1988) if the legal theories advanced are indisputably without merit or if the factual contentions are baseless. Id. at 327. Similarly, a sua sponte dismissal not premised on § 1915(d) is proper where previous decisions of the court foreclose the subject and leave no foundation of plausibility to the claim. Crosby v. Holsinger, 816 F.2d 162, 163 (4th Cir. 1987).
 
 
 3
 In this case, the legal theories advanced under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1981 (1988) are not clearly without merit. Although Roman offered no factual support for his allegations, he stated arguable legal theories. See Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1337-38 (9th Cir. 1987) (allegation of conspiracy between private actor and federal actor to deprive individual of his constitutional rights may state Bivens claim). Roman's skeletal factual allegations were not fanciful; rather, they simply were not fleshed out.
 
 
 4
 Even at the § 1915(d) stage, courts may require some minimal level of factual support for a plaintiff's claims, White v. White, 886 F.2d 721, 724 (4th Cir. 1989), and may dismiss a complaint which contains no more than a naked assertion of conspiracy between a private defendant and a governmental actor, Phillips v. Mashburn, 746 F.2d 782, 784-85) (11th Cir. 1984). At so early a stage in the litigation, however, and particularly where the plaintiff is proceeding pro se, a dismissal without rather than with prejudice protects the plaintiff who may be able to allege sufficient facts if afforded an opportunity. See White, 886 F.2d at 724; Phillips, 746 F.2d at 785.
 
 
 5
 In deference to Roman's pro se status, we conclude that the better course would have been for the district court to have either afforded Roman a chance to develop his facts or to have dismissed the action without prejudice. We affirm the district court's decision, but that decision is modified to a dismissal without prejudice to Roman's right to refile.
 
 
 6
 As our review of the record reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED AS MODIFIED