991 F.2d 790
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leon Mcray KNIGHT, Plaintiff-Appellant,
v.
Gary WATERS, Sheriff of Portsmouth City Jail; Rodham T.
Delk, Jr., Defendants-Appellees.
 No. 92-7269.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 29, 1993
Decided: April 22, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CA-92-1258-2)
 Leon McRay Knight, Appellant Pro Se.
 E.D.Va.
 AFFIRMED
 Before LUTTIG, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Leon McCray Knight appeals from the district court dismissal of his 42 U.S.C. § 1983 (1988) action. Because the district court did not err in dismissing the suit, we affirm. However, we modify the district court's order to reflect that dismissal of two of the claims is without prejudice.
 
 
 2
 Knight's suit sounds in part in federal habeas corpus. His allegation that he was denied effective assistance of counsel is an attack on his conviction and should have been brought pursuant to 28 U.S.C. § 2254 (1988). Knight has not shown that he exhausted his state remedies prior to bringing the habeas claim, as is required under § 2254(b), (c). Therefore, the district court properly dismissed this claim. However, this claim should have been dismissed without prejudice; the district court's order is modified to so reflect. See Greene v. Meese, 875 F.2d 639, 643 (7th Cir. 1989).
 
 
 3
 Knight's suit also sounds in part in § 1983. His allegation that the trial court, the prosecutor, his own attorney, and a sheriff conspired to deprive him of his liberty is properly a civil rights action. However, the judge and the prosecutor are immune from damages under § 1983. Stump v. Sparkman, 435 U.S. 349 (1978) (judicial immunity); Imbler v. Pachtman, 424 U.S. 409 (1976) (prosecutorial immunity). The district court properly dismissed the claims against these Defendants with prejudice.
 
 
 4
 Also, the court properly dismissed the § 1983 claim against Knight's trial attorney. A conclusory allegation that trial counsel conspired with state actors to deprive one of his civil rights is insufficient to make the attorney amenable to suit under § 1983. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). However, this claim should have been dismissed without prejudice, so that Knight could, in a subsequent action, allege specific acts that might make his attorney amenable to suit. Id. Therefore, we modify the district court's order to show that this claim is dismissed without prejudice.
 
 
 5
 Finally, although the district court did not explicitly address the Defendant sheriff, the § 1983 claim was properly dismissed with regard to him. Virginia statutes do not create any liberty interest in pre-trial detainees to detention in a particular jail; to the contrary, the applicable statute allows transfer of a detainee to a jail in the trial venue. Va. Code Ann. § 19.2-76 (Michie 1990). Thus, the sheriff's transfer of Knight to the Portsmouth jail did not involve any liberty interest, and no due process violation could have occurred. The claim against the sheriff was properly dismissed with prejudice.
 
 
 6
 We affirm as modified the district court's order dismissing the entirety of Knight's action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED