7 F.3d 226
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilbur D. TINSLEY, Plaintiff-Appellant,
v.
John BUNDY, Commissioner, individually and personally, Chief
Officer South Carolina Employment Security Commission;
Moore Business Forms, Incorporated; Douglas Amyx, an
individual, corporate official; Vernon Sanders,
individually and personally, corporate official; Cigna
Insurance Company, a corporation, Defendants-Appellees.
 No. 93-1116.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 14, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenwood. Henry M. Herlong, Jr., District Judge. (CA-92-980-8-20-AK)
 Wilbur D. Tinsley, Appellant Pro Se.
 Stephen Dallas Baggett, Roy Robinson Hemphill, Burns, McDonald, Bradford, Patrick & Dean, Greenwood, South Carolina; Thomas Allen Bright, Haynsworth, Baldwin, Johnson & Greaves, P.A., Greenville, South Carolina; Frank Huger Gibbes, III, Deborah Casey Brown, Gibbes & Clarkson, P.A., Greenville, South Carolina, for Appellees.
 D.S.C.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Wilbur D. Tinsley appeals from the district court's final order adopting the magistrate judge's recommendation that summary judgment be entered in favor of all Defendants. Because we find no error below, we affirm.
 
 
 2
 The district court held that Tinsley only filed specific objections to the alleged failure of the magistrate judge to consider claims against all defendants, based on the magistrate judge's captioning of his recommendation. The court denied that objection and held that Tinsley had waived review of any other matter. We agree with the district court's reasoning in dismissing the one specific objection raised by Tinsley and that Tinsley's other objections fail to specify defects, as required. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Accordingly, we affirm based on the district court's reasoning and based on Tinsley's waiver of appellate review.* See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985).
 
 
 3
 We deny Tinsley's request for oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Even if we were to construe Tinsley's objections broadly, we agree with the magistrate judge's view that Tinsley is not entitled to relief because of Bundy's quasi-judicial immunity and because he only alleges a conspiracy with conclusory allegations. See Phillips v. Mashburn, 746 F.2d 782 (11th Cir. 1984)