21 F.3d 422
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Larry Ray JOHNSON, Plaintiff-Appellant,
v.
BUREAU OF PRISONS; Edward Murray, Director; C. E.
Thompson, Warden; Mail Room Employees, C/O Mecklenburg
Correctional Center; Alison, Correctional Officer; Ruth,
Correctional Officer; Sergeant Tuck, Defendants-Appellees.
 No. 94-6024.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 17, 1994.
Decided: April 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert v. Bryan, Jr., Senior District Judge. (CA-93-1548-AM)
 Larry Ray Johnson, Appellant Pro Se.
 E.D.Va.
 DISMISSED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant seeks to appeal the district court's order which denied relief on his 42 U.S.C. Sec. 1983 (1988) complaint without prejudice. Because Appellant could cure the defects in his complaint through amendment of the complaint,[1] the order dismissing his complaint is not appealable. Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064 (4th Cir.1993). Accordingly, we deny leave to proceed in forma pauperis and dismiss the appeal.[2] We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 Appellant's complaint alleged, in conclusory fashion, that he was the victim of a conspiracy to harass him and to deny him transfer to another prison. These allegations are facially deficient. See Phillips v. Mashburn, 746 F.2d 782 (11th Cir.1984)
 
 
 [2]
 The district court expressed frustration with Appellant's lengthy and vexatious litigation efforts over the past twenty years. We agree with the district court's assessment of Appellant's litigious inclinations. Moreover, we agree that the complaint in this case was deficient on its face. However, we caution the court to give each of Appellant's future complaints the appropriate amount of consideration. If the court wants to stem the tide of Appellant's filings, it is free to consider imposition of a prefiling injunction. See Graham v. Riddle, 554 F.2d 133 (4th Cir.1977); see also Safir v. United States Lines, Inc., 792 F.2d 19 (2d Cir.1986) (factors to be considered in imposition of prefiling injunction), cert. denied, 479 U.S. 1099 (1987). Before imposition of such an injunction, Appellant should be given an opportunity to respond why such an injunction should not be imposed