**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CALVIN G. GRAY,
Plaintiff-Appellant,

v.

WILLIAM TED JONES; FRED KITTS; DR.
TREETS,                                                    No. 95-6570
Defendants-Appellees,

and

ANTHONY VENERI,
Defendant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CA-93-499-1)

Submitted: October 7, 1997

Decided: October 30, 1997

Before HALL, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Calvin G. Gray, Appellant Pro Se. John W. Feuchtenberger, STONE,
MCGHEE, FEUCHTENBERGER, BARRINGER & CZARNIK,
Bluefield, West Virginia; Steven Paul McGowan, STEPTOE &
JOHNSON, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Calvin G. Gray appeals from the district court's orders dismissing his 42 U.S.C. § 1983 (1994) action claiming the use of excessive force by prison officials. We affirm for the following reasons.

Gray was a pretrial detainee indicted for murder. Upon a motion by the state prosecutor, Anthony Veneri, the state court granted an order directing Gray to give a blood sample. Detective William Ted Jones arrived at the jail to transport Gray to the hospital so that a blood sample could be taken from him. However, Gray refused to be transported and repeatedly asserted his right to an attorney. Detective Jones called the judge who ordered the blood sample and the judge informed him that Gray could not refuse the court's order. Jones assumed that he would have to use some force to take Gray to the hospital. Gray refused to walk. Therefore, Jones and Corrections Officer Fred D. Kitts put Gray on the floor and dragged him out of the jail to the police car, a distance of approximately twenty to forty feet. Gray alleges that the officers put their hands in between his leg shackles and dragged him feet first out to the police car. Gray claims that he suffered a great deal of pain. In addition, Gray claims that in an attempt to get him into the car the officers knocked his head, shoulder, and arm into the police car's door frame. When they arrived at the hospital, Gray was placed on a hospital bed. Jones, at the request of the hospital physician, Dr. Treets, strapped Gray's right arm down and Dr. Treets withdrew blood from Jones.

Gray filed this 42 U.S.C. § 1983 (1994) action against Jones, Kitts, Dr. Treets and Veneri. His complaint claims that: (1) Jones and Kitts used excessive force to transport him from the jail to the hospital; and (2) all the Defendants conspired to violate his constitutional rights by using excessive force to transport him from the jail to the hospital so that blood could be withdrawn from him.

2

The district court granted Veneri summary judgment. A jury trial was held as to the remaining Defendants. At the close of Gray's evidence, Defendants Jones and Kitts moved for judgment as a matter of law and the court granted the motion. Gray timely appeals.

This court reviews an award of summary judgment de novo. See Higgins v. E. I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). In ruling on a motion for summary judgment, a court must assess the evidence in the light most favorable to the non-moving party. See Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). In opposing summary judgment, the non-moving party may not rest on mere allegations or denials in his complaint but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

We affirm the district court's order granting summary judgment to Veneri because Gray merely submits unsupported allegations and conclusory statements in support of his conspiracy claim. See Buschi v. Kirven, 775 F.2d 1240, 1248 (4th Cir. 1985); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

We further affirm the district court's order granting judgment as a matter of law to Jones and Kitts. In considering a motion for judgment as a matter of law, the reviewing court is to apply the same standard as the trial court. Thus "viewing the evidence in the light most favorable to the non-moving party and giving him the benefit of all reasonable inferences," a court must determine if "there is sufficient evidence in the record to support a jury verdict in his favor." Herold v. Hajoca Corp., 864 F.2d 317, 319 (4th Cir. 1988). A court may not weigh the evidence anew, reassess the credibility of witnesses, or base its decision on materially contradicted evidence. See Al-Zubaidi v. Ijaz, 917 F.2d 1347, 1348 (4th Cir. 1990).

In Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997) (en banc), we found that the excessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. We held that a pretrial detainee cannot prevail on a Fourteenth Amend-

3

ment excessive force claim if his injury is de minimis. Id.; see Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) ("[A] plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis."). In granting judgment as a matter of law to Jones and Kitts pursuant to Fed. R. Civ. P. 50, the district court, relying on this court's holding in Norman , found that in order for Gray to present his excessive force claim to the jury, he must establish either more than a de minimis injury or that the Defendant's conduct was repugnant to the conscience of mankind. See Norman, 25 F.3d at 1263 & n.4. The court concluded that no reasonable juror could find that Gray suffered anything more than a de minimis injury or that any force used was repugnant to the conscience of mankind. We agree.

The district court noted that the record did not contain evidence of any injuries requiring medical attention. Further, the record reveals that Gray was taken back to the hospital a few hours after the complained of incident for medical problems that were unrelated to this incident and Gray did not make any complaints to the hospital officials about this incident. Gray testified that Officer Kitts never punched, slapped, or hit him. Moreover, when Gray refused to go take the ordered blood test, one of the officers in the jail stated that they would have to drag him and Gray agreed that they would have to drag him when they came to execute the order. The district judge in this case specifically stated that "[t]here is absolutely no evidence of any serious physical injuries, and there is absolutely no evidence, whatsoever, or any suggestion, in this record that there were any mental or psychological injuries or adverse impacts on the plaintiff arising from this situation." Because Gray has not established more than a de minimis injury, we do not find sufficient evidence in the record to support a jury verdict in Gray's favor. See Riley, 115 F.3d at 1166; Herold, 864 F.2d at 319.

Accordingly, we affirm the district court's order dismissing Gray's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4