UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN HENRY BACKUS,
Plaintiff-Appellant,

v.

ROBERT WARD, Warden; JIMMIE
GRIFFIN, Investigator; R. JACKSON,
Sergeant; ROBERT J. WOODS,
Officer; GREGORY ALFORD, Officer;                    No. 98-6331
GEORGE N. MARTIN, III; WILLIAM D.
CATOE; JAMES STUCKEY, Major,
Defendants-Appellees,

and

L. HUNTER LIMBAUGH,
Defendant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Dennis W. Shedd, District Judge.
(CA-96-1904-5-19JI)

Submitted: May 26, 1998

Decided: June 8, 1998

Before MURNAGHAN and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Henry Backus, Appellant Pro Se. Andrew Foster McLeod, HARRIS & MCLEOD, Cheraw, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Henry Backus appeals the district court's order denying relief on his 42 U.S.C. § 1983 (1994) complaint. We have reviewed the record, the district court's opinion and the magistrate judge's recommendation and find no reversible error. Accordingly, we affirm. There was no evidence the private attorney conspired to violate Backus's civil rights. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Furthermore, Backus failed to show any actual injury as a result of the Defendants' purported interference with his access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996). Nor did Backus show a due process violation regarding property allegedly not returned because South Carolina provides for an adequate postdeprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); S.C. Code Ann. §§ 15-78-10 to 15-78-90 (Law. Co-op. Supp. 1997).

In addition, Backus did not have a constitutionally protected liberty or property interest in his prison job, thus he cannot claim his termination was without due process. See Sandin v. Conner, 515 U.S. 472, 486-87 (1995) (liberty interest requires "atypical, significant deprivation" or deprivation that "will inevitably affect duration of sentence"); see also Bulger v. United States Bureau of Prisons , 65 F.3d 48, 50

2

(5th Cir. 1995). Nor did he provide evidence of a discriminatory motive in the Warden's decision to terminate him from his prison job to show a violation of the Fourteenth Amendment's Equal Protection Clause. <u>See Castaneda v. Partida</u>, 430 U.S. 482, 493 (1977); <u>Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.</u>, 429 U.S. 252, 265-66 (1977). Finally, the court did not abuse its discretion in denying the motion for a preliminary injunction, because Backus failed to clearly establish he was entitled to the relief he sought. <u>See Manning v. Hunt</u>, 119 F.3d 254, 263 (4th Cir. 1997). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3