**SHOOTING POINT, L.L.C., et al., Plaintiffs,**

v.

**W.M. CUMMING, Jr., John W. Wescoat, Suzanne Wescoat, John W. Wescoat, Jr., and Curtis H. Jones, Jr., Defendants.**

**No. 2:02CV193.**

United States District Court, E.D. Virginia, Norfolk Division.

Jan. 30, 2003.

Andrew M. Sacks, Sacks & Sacks, Norfolk, VA, for Plaintiffs.

James C. Stuchell, Assistant Attorney General, Richmond, VA, for W.M. Cumming, Jr.

James A. Cales, III, Furniss, Davis, Rashkind & Saunders, Norfolk, VA, for Wescoat Defendants and Jones.

## ORDER

REBECCA BEACH SMITH, District Judge.

On December 20, 2002, this court entered a final Opinion and Order ("Opinion") dismissing all counts of plaintiffs' complaint, upon which the Clerk entered judgment that same date. On January 7, 2003, plaintiffs filed a motion, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the court's final judgment. Specifically, plaintiffs contend that Count One of their complaint included an allegation of conspiracy to violate the plaintiffs' civil rights under 42 U.S.C. § 1983, which claim the court did not address in its Opinion. Plaintiffs request that the court clarify its ruling and analysis with respect to the section 1983 conspiracy claim. Defendants filed their opposition on January 21, 2003, arguing that no alteration of the judgment is warranted because the court in its Opinion impliedly dismissed any section 1983 conspiracy alleged in Count One.

In its Opinion, the court dismissed, *inter alia*, Count One of plaintiffs' complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that plaintiffs failed to state a claim upon which relief could be granted. The court specifically addressed the alleged conspiracy under 42 U.S.C. § 1985 but did not specifically address the alleged conspiracy under 42 U.S.C. § 1983. While the court agrees with defendants that there is no reason to alter the judgment of December 20, 2002, it will clarify its dismissal of all claims in Count One.

First, to state a claim for civil conspiracy under section 1983, a plaintiff must make something more than a naked assertion of conspiracy between a state actor and private parties. *See, e.g., Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir.1984). To establish such a conspiracy, a plaintiff must show that defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in ... deprivation of a constitutional right." *Hinkle v. City of Clarksburg,* 81 F.3d 416, 421 (4th Cir.1996) (citing *Hafner v. Brown,* 983 F.2d 570, 577 (4th Cir.1992)). In other words, plaintiffs must at least be able to show a deprivation of a constitutional right as a result of the alleged conspiracy. This is because "[t]he gist of the cause of action is the deprivation and not the conspiracy." *Lesser v. Braniff Airways, Inc.,* 518 F.2d 538, 540 n. 2 (7th Cir.1975).

In this case, plaintiffs have failed to state a claim for a section 1983 conspiracy in Count One because they have failed to state a claim for any abridgement of a federally-protected right. On December 20, 2002, the court dismissed all of the plaintiffs' underlying section 1983 claims.[1]

---

1. The selective enforcement claim (Count Two) and the procedural and substantive due

process claims (Counts Three and Four) were

Because a deprivation of a federal constitutional right is an essential element of a section 1983 conspiracy claim, plaintiffs' alleged section 1983 conspiracy claim of necessity was and must be **DISMISSED**. Accordingly, plaintiffs' motion to alter or amend the final judgment of December 20, 2002, is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

dismissed because they were barred by the Rooker–Feldman doctrine. Count Five, the takings claim, was dismissed for lack of ripeness. In addition, Count Six, consisting of only state law claims, was dismissed without prejudice to pursue those claims in state court.