UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DANIEL JOHNSON WILLIS,
              *Plaintiff-Appellant,*

v.

JOHN ASHCROFT; UNITED STATES
DEPARTMENT OF JUSTICE; MARK
MCCLISH, Deputy, United States
Marshal, and all other United States
Marshals complained herein;
MALCOLM J. HOWARD, United States
District Court Judge,
              *Defendants-Appellees.*

No. 03-2284

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Terrence W. Boyle, Chief District Judge.
(CA-03-56)

Submitted: February 27, 2004

Decided: April 6, 2004

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Daniel Johnson Willis, Appellant Pro Se. David J. Cortes, OFFICE
OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina,
for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Daniel Johnson Willis appeals the district court's grant of the Government's motion to dismiss his complaint[1] for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[2] We have reviewed the record and find no reversible error. As the district court concluded, the Department of Justice is immune from suit. *See Radin v. United States*, 699 F.2d 681, 684-85 (4th Cir. 1983). Willis did not allege any personal involvement on the part of Attorney General Ashcroft, and federal officials cannot be held liable on a theory of respondeat superior. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). To the extent Willis alleged actions on the part of the defendant district judge that were not undertaken in the clear absence of jurisdiction, the judge is entitled to absolute immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). To the extent Willis alleges the judge engaged in a conspiracy, those allegations are conclusory and thus give no basis for relief. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Finally, the marshals are also entitled to qualified immunity because their conduct in questioning Willis for a short time based on a perceived threat to a district judge did not violate a clearly established right. *See, e.g.*, *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

_____

[1]Willis styled his complaint as an action under 42 U.S.C. § 1983 (2000), and the district court retained that designation. Because the Defendants are all federal government officials or agencies, however, the complaint should have been treated as an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2]Willis' complaint, though far from precise, could be read to raise common law tort claims. The Federal Tort Claims Act provides the exclusive basis for such claims, and thus no relief is available under *Bivens*. 28 U.S.C. §§ 2671-2680 (2000); *see United States v. Smith*, 499 U.S. 160 (1991).

We affirm the district court's order denying relief on Willis' complaint. We grant Willis' motion to amend his informal brief; the amended brief has been duly filed and considered. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*