UNITED STATES of America, Appellee,

v.

Lynn Edward EASLEY, Appellant.

Nos. 92–2591, 92–2592.

United States Court of Appeals,
Seventh Circuit.

Argued March 29, 1993.

Decided May 21, 1993.

---

Andrea L. Smith (argued), Office of Federal Public Defender, East St. Louis, IL (Phillip J. Kavanaugh, on the brief), for appellant Easley.

Stephen B. Clark (argued), Asst. U.S. Atty., Fairview Heights, IL (Frederick J. Hess, U.S. Atty., and Ranley R. Killian, Jr., Asst. U.S. Atty., on the brief), for appellee U.S.

Before BAUER, Chief Judge, ROVNER, Circuit Judge, and TIMBERS, Senior Circuit Judge.[*]

TIMBERS, Senior Circuit Judge.

Appellant Easley appeals from a judgment entered in the Southern District of Illinois, James L. Foreman, *District Judge*, upon a jury verdict convicting him of distributing cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1) (1988). Easley was sentenced under the sentencing guidelines to 180 months imprisonment.

Easley claims that (1) he was denied a fair trial because of the use of the term "plea bargaining" in the prosecution's summation argument; (2) the court erred in not allowing certain photographs in evidence; and (3) the evidence was insufficient to support the jury's guilty verdict.

For the reasons that follow, we affirm.

I.

We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

On September 25, 1991, Easley was indicted by a grand jury on one count of distributing approximately 3.4 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988). On February 11, 1992, a jury returned a verdict of guilty. On June 22, 1992, he was sentenced as stated above.

Several key witnesses testified substantially as follows. Larry Binnon, formerly an inspector with the Southern Illinois Drug Task Force of the Illinois State Police, testified that on March 29, 1991 his office received a telephone call from Billy Claussen, a confidential informant. Inspector Steve Prather spoke with Claussen who informed Prather that Easley was willing to sell Claussen an eighth of an ounce of cocaine for $300 if they met at Randy's Lounge in Mount Vernon, Illinois. The agents established a plan for surveillance and for the purchase of cocaine. Binnon further testified that Prather entered Randy's Lounge and remained for approximately one hour.

Prather testified about events he witnessed while in Randy's Lounge. Claussen was already in the lounge. He identified Easley for Prather and explained that Easley was waiting for another person to bring the cocaine. Approximately 20 minutes later, Lester Baine entered and left the bar. Easley then gestured for Claussen and Prather to follow him toward the pool table area. They stopped at the end of a hallway near a door leading to the men's restroom.

---

[*] The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

Prather recounted that Easley wished to speak only with Claussen. Prather walked to the end of the hallway leading from the restroom to the bar. He stated that the hallway was lighted and that he had an adequate view of the transaction despite not being able to hear the conversation. Prather saw Easley produce a clear plastic bag of white powder and hand it to Claussen. Easley and Claussen then walked toward Prather. Easley entered the bar area. Claussen and Prather entered the men's restroom. There, Prather took possession of the bag.

Claussen told Prather that Easley wanted Prather to give the money for the cocaine to Claussen. Prather refused. He instructed Claussen to bring Easley into the restroom. Claussen did so. Claussen testified that they discussed the quality and price of the cocaine. Easley told Prather that he required $300. Prather gave Easley $300 in cash and placed the cocaine in his own shirt pocket.

The trio exited the restroom and reentered the bar. Prather and Claussen lingered for approximately 20 minutes. They then left and met the other agents.

Wesley Burns, an investigator from defense counsel's office, testified that photographs he had taken of the restroom at Randy's Lounge accurately represented it. He further testified that the owner of Randy's Lounge told him that the restroom had not changed since March 29, 1991, the day of the transaction. In these photographs, defense counsel was posed in the restroom to emphasize the room's limited space. Burns's photographs were admitted in evidence.

Burns also testified about a diagram he prepared, representing the dimensions of the restroom and adjoining hallway of Randy's Lounge. He said that more than two adult men would have difficulty fitting into the restroom at the same time because of space limitations. He also testified about the restroom's dimensions and that it contained a toilet, a sink, a metal paper dispenser on the wall, and a trash can. He stated that the door to the restroom hits the sink when open, leaving even less free space.

The government cross-examined Burns. It used Burns's diagram and suggested that some of the photographs in evidence were "staged" because of defense counsel's presence in them. The alleged staging of the photographs also was mentioned in the government's summation.

On redirect of Burns, in an attempt to counter the government's suggestion that the photographs already in evidence were "staged", defense counsel attempted to have admitted additional photographs of the doorway to the restroom which did not show defense counsel. The court sustained an objection to the admission of the photographs on the ground that they were improper on redirect examination.

Easley testified that he possessed the cocaine but denied distributing it. He stated that prior to March 29, 1991 Claussen had asked him if he wanted to buy cocaine. Easley claimed that on March 29, while at Randy's Lounge, he and Claussen agreed to a deal in which Claussen would purchase a quarter ounce of cocaine for $450. Easley would put up all of the money for Claussen's purchase and then would receive half of the cocaine for $225. Easley testified that Claussen returned to Randy's Lounge with the quarter ounce of cocaine. Claussen was said to have instructed Easley to go to Lee Ann Morton's house where he would find scales among Claussen's possessions. Easley testified that he did this and that he divided the cocaine in half. He returned to Randy's Lounge with Claussen's half of the cocaine. Easley testified that he told Claussen to go to the restroom with him. There, Easley gave Claussen half of the cocaine in return for $300. Easley testified that Claussen returned to the bar and recovered $75 from Easley, in accordance with their agreement for Claussen to purchase the cocaine for $225.

In his summation, the government prosecutor stated:

"The evidence presented has proven beyond a reasonable doubt that the defendant, Lynn Easley, distributed cocaine on March 29, 1991. He possessed it, but he also distributed it. The defendant has come in. He's now admitting possession to you. He's plea bargaining with you, ladies and gentlemen. He's plea bargaining."

The court sustained defense counsel's objection and immediately instructed the jury to disregard the prosecutor's comments set forth above. The court later instructed the jury that it could find Easley guilty of the lesser offense of possession, rather than distribution, of cocaine.

The jury found Easley guilty of distribution. Later, he was sentenced as stated above.

On appeal, Easley claims that (1) the prosecutor's use of the term "plea bargaining" during summation deprived him of a fair trial; (2) the court committed reversible error in not allowing the additional photographs in evidence to rebut the government's charge of "staging;" and (3) the evidence was insufficient to support the jury's guilty verdict.

## II.

*(A) Denial of Fair Trial Claim*

Easley claims that the prosecutor's reference to his admission of possession, but denial of distribution, as "plea bargaining" with the jury was not supported by the record. He contends that it was improper, predisposing the jury to avoid consideration of a lesser offense, and infecting the jury with a level of prejudice warranting a new trial.

The government counters that the court erred in sustaining the objection because Federal Rule of Evidence 410 bars only comment on plea negotiations between the government and a defendant. The prosecutor's comments, so the government's argument goes, were not made with reference to that type of negotiation. Moreover, the government contends that the statements did not constitute error, especially in light of the court's instruction to disregard them, the weight of evidence presented against Easley, and the fact that defense counsel did not move for a mistrial.

█ "We will not lightly overturn a criminal conviction 'on the basis of a prosecutor's comments standing alone.' " *United States v. Neely,* 980 F.2d 1074, 1083 (7th Cir.1992) (quoting *United States v. Young,* 470 U.S. 1, 11 (1985)). A prosecutor's statements or conduct must be viewed in the context of the entire trial. *Neely, supra,* 980 F.2d at 1083. Easley would not be entitled to a new trial unless the prosecutor's references to a plea bargain were improper and prejudiced his right to a fair trial. *Neely, supra,* 980 F.2d at 1084 (citing *United States v. Stillwell,* 900 F.2d 1104, 1112 (7th Cir.), *cert. denied,* 498 U.S. 838 (1990).

We analyze Easley's claim by considering two questions: (1) whether the prosecutor's comments were improper; and (2) if improper, whether, in light of the entire trial, they deprived Easley of a fair trial. *Neely, supra,* 980 F.2d at 1083–84. The Supreme Court has set forth these factors to be considered in answering these questions: (1) the nature and seriousness of the prosecutor's misconduct; (2) whether the comments were invited by impermissible conduct of defense counsel; (3) whether the trial court instructed the jury to disregard the comments; (4) whether the defense could counter with rebuttal; and (5) the weight of evidence against the defendant. *Neely, supra,* 980 F.2d at 1084 (citing *Darden v. Wainwright,* 477 U.S. 168, 180–82 (1986)). We turn to a consideration of those factors believed to be relevant here.

█ First, the prosecutor's references to "plea bargaining" were not technically improper. Federal Rule of Evidence 410(4) states:

"Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

. . . .

(4) any statement [sic] made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which do not result in a plea of guilty later withdrawn."

The prosecutor's summation did not refer to plea bargaining between the *government* and Easley. That would have been impermissible under Rule 410(4). Rather, the prosecutor twice remarked that the defendant was seeking to plea bargain with the *jury.* This amounts to the prosecutor's assessment of

Easley's case, not reference to plea bargaining between Easley and the government. The statements were not barred by Federal Rule of Evidence 410.

■ Second, even if the comments might be said to be improper, they did not prejudice Easley's right to a fair trial. The Supreme Court stated that the applicable rule long ago that a prosecutor "may strike hard blows, [but] he is not at liberty to strike foul ones." *Berger v. United States,* 295 U.S. 78, 88 (1935). He must "refrain from improper methods calculated to produce a wrongful conviction." *Id.* Furthermore, a prosecutor should not inject his personal beliefs into his presentation of an argument. *Young, supra,* 470 U.S. at 8–9 & n. 5. Even if it may be said that the prosecutor walked the fine line separating fair presentation from personal opinion by characterizing Easley's defense to distribution as "plea bargaining" with the jury and, in doing so, to have expressed his belief that Easley was inviting the jury to convict on the lesser offense of possession, Easley was not prejudiced by the statements. The court sustained defense counsel's contemporaneous objection to the prosecutor's statements and immediately gave a curative instruction that the jury should disregard them.

■ We presume that the curative instructions were taken seriously by the jury. *United States v. Napue,* 834 F.2d 1311, 1325 (7th Cir.1987). Easley does not contend that the instruction was inadequate, although that would be a logical prerequisite if his claim were to be considered meritorious. Any effect adverse to Easley from the prosecutor's statements must be presumed to have been negated by the court's curative instruction. We find no reason to believe otherwise.

We hold that Easley's right to a fair trial was not prejudiced by the prosecutor's summation.

*(B) Admission of Photographic Evidence Claim*

■ Easley also claims that the court committed reversible error in sustaining the prosecution's objections to his attempted introduction of photographs of the men's restroom at Randy's Lounge. They were offered on redirect of the defense witness Burns to rebut the prosecution's challenge that photographs already introduced were "staged." Easley asserts that the court's error left an unrebutted, impermissible, negative impression with the jury, requiring a new trial. We disagree.

The government states that the court did not abuse its discretion in excluding the photographs because it properly determined, first hand, that the additional photographs were not probative of Easley's claim that the photos in evidence were not "staged" in a manner confusing to the jury.

■ Easley makes a strained argument that Federal Rule of Evidence 106 required admission of the additional photographs. This rule clearly does not aid Easley. The rule states, "When a writing or recorded statement or part thereof is introduced by a party, an *adverse party* may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed.R.Evid. 106 (emphasis added). Easley was not an adverse party with respect to his own evidence. He could not require the court to admit the rebuttal evidence that he offered. Indeed, Easley conceded this at oral argument.

■ Moreover, we give "special deference to the evidentiary rulings of the trial court." *United States v. Shukitis,* 877 F.2d 1322, 1327 (7th Cir.1989). Evidentiary rulings should be upheld "unless the defendant demonstrates that the district court abused its discretion." *United States v. McNeese,* 901 F.2d 585, 598 (7th Cir.1990).

Easley did not present grounds to require admission of the additional photographs. Nor did he claim that the court abused its discretion in excluding them.

Even if the government's argument that the original photographs were "staged" placed them in a negative light for the jury, we hold that the court's exclusion of the additional photographs was not an abuse of discretion.

*(C) Sufficiency of Evidence Claim*

■ Easley further claims that the government failed to rebut his version of events. He testified that he lent Claussen $450 to buy the cocaine, purchased the cocaine from Claussen, divided it in half, kept half for himself, gave the other half to Claussen, and then recouped $225 from Claussen as repayment of the initial loan. He asserts that although Claussen was available to testify at trial, he was not called by the government to rebut Easley's testimony. Accordingly, Easley says that the evidence was insufficient for the jury to find him guilty of distributing cocaine. The government counters that, based upon all the evidence, a rational trier of fact could find Easley guilty of distribution beyond a reasonable doubt.

■ Our review of a judgment based on a claim of insufficiency of the evidence is limited. "A defendant attacking the sufficiency of the evidence has a heavy burden and only where the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt, may an appellate court overturn the verdict." *United States v. Tipton,* 964 F.2d 650, 657 (7th Cir.1992) (quoting *United States v. Redwine,* 715 F.2d 315, 319 (7th Cir.1983), *cert. denied,* 467 U.S. 1216 (1984)). In ruling on a claim of insufficiency, we review the evidence in the light most favorable to the government and we defer to the jury's reasonable inferences drawn therefrom. *United States v. Beall,* 970 F.2d 343, 345 (7th Cir.1992), *cert. denied,* 113 S.Ct. 1291 (1993); *Tipton, supra,* 964 F.2d at 657 ("[a]ll reasonable inferences must be drawn in favor of the government.").

Easley was convicted of "knowingly or intentionally ... possess[ing] with intent to ... distribute, ... a controlled substance...." 21 U.S.C. § 841(a)(1) (1988). The jury heard drug agents Prather and Binnon testify about the events which took place at Randy's Lounge on March 29, 1991. It also heard Easley's version of the events. It could weigh both sides' testimony. Easley and the government agree that Easley possessed the cocaine, received money, and gave cocaine to another person. The jury could draw the reasonable inference that Easley intended to distribute, not merely possess, the cocaine.

Easley's assertion that the government failed to corroborate its witnesses' testimony by calling Claussen to the stand is without merit. The government was not required to call Claussen. Easley could have called Claussen as a defense witness.

We hold that there was sufficient evidence to support the jury's verdict.

III.

To summarize:

Easley was not denied a fair trial by references to plea bargaining in the prosecutor's summation. The court did not abuse its discretion in excluding additional photographs from evidence. The jury's verdict was supported by sufficient evidence.

AFFIRMED.