**Loren BAGOLA, Plaintiff–Appellant,**

v.

**Thomas R. KINDT, Warden, P.W. Keohane, Warden, Terah Tracy, Factory Manager, et al., Defendants–Appellees.**

No. 93–2996.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 18, 1994.

Decided Nov. 8, 1994.

As Amended Jan. 19, 1995.

Loren Bagola, pro se.

Before BAUER, RIPPLE and ROVNER, Circuit Judges.

PER CURIAM.

Loren Bagola, a prisoner, appeals the district court's dismissal for frivolousness of his *Bivens* action [1] against prison officials concerning his conditions of confinement. 28 U.S.C. § 1915(d). The lower court dismissed his *in forma pauperis* complaint on the grounds that the subjective element of "deliberate indifference" was "entirely absent." (Rec. at 4.) However, Bagola expressly states in his cause of action that the officials violated his Eighth Amendment rights "due to defendants' *deliberate indifference* to the serious need for Safety precautions" for certain machines. (Compl. at 6 (emphasis added).) He claims that these officials knew the danger and caused the loss of his right hand by forcing him to work with this machinery. We review this § 1915(d) dismissal for an "abuse of discretion." *Denton v. Hernandez*,

---

1. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971).

— U.S. ——, ——, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). We reverse and remand for further proceedings consistent with this opinion.

■ The lower court properly held that 18 U.S.C. § 4126, a federal prison worker's compensation statute, does not preclude *Bivens* suits against prison officials, although it does provide the exclusive remedy for tort suits against the Government. *United States v. Demko*, 385 U.S. 149, 152, 87 S.Ct. 382, 384, 17 L.Ed.2d 258 (1966) (holding that § 4126 remedy bars Federal Tort Claims Act suit against Government). "[U]nless the statute specifically abrogates the common law right to sue a co-employee, it should not be interpreted to do so." *Andrews v. Benson*, 809 F.2d 1537, 1542 (11th Cir.1987) (citing *Allman v. Hanley*, 302 F.2d 559, 563 (5th Cir. 1962)). Section 4126 contains no specific provisions that abrogate the right to sue other prison employees. Thus, neither this statute nor the Federal Tort Claims Act, which specifically permits constitutional tort actions against Government employees, 28 U.S.C. § 2679(b)(2), bar Bagola's *Bivens* action against the prison officials.

■ Under section 1915(d), an action is frivolous "where it lacks arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). To provide an arguable basis for his claim, Bagola must allege that each "official knows of and disregards an excessive risk to inmate safety." *Farmer v. Brennan*, —— U.S. ——, ——, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). However, "the mere incantation of magic words such as 'recklessness' " will not create an Eighth Amendment claim without "specific facts such as a history of accidents or a previous request for repairs that had fallen on deaf ears." *Jones v. Morris*, 777 F.2d 1277, 1280 n. 5 (7th Cir.1985).

Bagola has "set forth—albeit in outline form—the factual setting of the alleged injury and charged the prison officials with 'deliberate indifference' to his life and safety." *Id.* at 1280 (reversing dismissal of prisoner's § 1983 complaint involving officials' "deliberate indifference" to dangerous scaffolding). By repeatedly stressing the danger of his prison employment, Bagola sufficiently alleges the objective requirement "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, —— U.S. at ——, 114 S.Ct. at 1977. Providing additional evidence of danger on appeal, he cites another amputation four and a half months prior to his own injury. We may consider such evidence in determining the frivolousness of his complaint. *Cf. Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439 (7th Cir.1994) (holding that court reviewing dismissal under Rule 12(b)(6) "will consider new factual allegations raised for the first time on appeal provided they are consistent with the complaint.").

Bagola's complaint also alleges facts to support the subjective element of "deliberate indifference." [2] It states that "all the defendants knew the Card Machines were unsafe and hazardous and had been cited by OSHA," [3] (Compl. at 4), and that "[a]ll defendants chose to run the Card Machines despite the unsafe conditions." (*Id.* at 5.) In other words, the officials consciously saw and disregarded the threat. On appeal, he further alleges facts showing a "history of accidents." *Jones*, 777 F.2d at 1280 n. 5.

Although a district court may reject baseless factual contentions, Bagola's claim of "deliberate indifference" does not fall within that class of "fanciful or delusional scenarios." *Neitzke*, 490 U.S. at 327–28, 109 S.Ct. at 1832–33. "An *in forma pauperis* complaint may not be dismissed ... simply because the court finds the plaintiff's allegations unlikely." *Denton*, —— U.S. at ——, 112 S.Ct. at 1733. *Pro se* indigent plaintiffs

---

**2.** Although Bagola's response to the initial order of dismissal incorrectly stated the standard for "deliberate indifference" as "knew, or should have known," the complaint consistently alleges actual knowledge.

**3.** We note that Bagola mistakenly relies on OSHA correspondence as proof of notice. According to the cover letter's date, OSHA sent the notice the day after Bagola's injury. The correspondence does not indicate whether the inspector told officials about the violations during his inspection on August 27, 1991.

need liberal interpretation of their complaints for both their factual allegations and their legal theories. *Neitzke,* 490 U.S. at 330–31 & n. 5, 109 S.Ct. at 1834 & n. 5 (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), and holding that complaint is not automatically frivolous because it fails to state a claim). Given that Bagola was proceeding *pro se,* that the lower court inappropriately found an absence of the mens rea element, and that it dismissed the claim with prejudice, we find that the lower court abused its discretion. *See Denton,* —— U.S. at ——, 112 S.Ct. at 1734.

Although we note that Bagola has never requested appointed counsel, "[w]e believe that it would serve the interests of justice for [him] to be represented by counsel." *Castillo v. Cook County Mail Room Dep't,* 990 F.2d 304, 307 (7th Cir.1993). Our holding concerning the relationship between *Bivens* suits and the prison worker's compensation system is one of first impression, and it may lead to further complex legal arguments necessitating the services of an attorney. We therefore instruct the district court to appoint counsel for Bagola on remand. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir.1993).

REVERSED AND REMANDED WITH INSTRUCTIONS.