48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Mason WILLIAMS, Plaintiff-Appellant,
v.
JOLIET CORRECTIONAL CENTER, et al., Defendants-Appellees.
 No. 93-3597.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1995.*
Decided March 9, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Mason Williams, while an inmate in the intake unit of the Joliet Correctional Center in Illinois, sued the defendants for deprivation of his civil rights pursuant to 42 U.S.C. Secs. 1983 and 1985. The district court granted summary judgment for the defendants finding that Williams failed to establish violations of his rights to due process or equal protection. We affirm.
 
 
 2
 Williams claims that the district court erred in denying his request for class certification. We review a district court's denial of class certification deferentially and will reverse only when the district court abused its discretion. Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 596 (7th Cir.1993); Council 31, AFSCME v. Ward, 978 F.2d 373, 380 (7th Cir.1992). To be appropriate for class certification, Williams must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation. Fed.R.Civ.P. 23(a). The district court denied Williams' motion in part because Williams demonstrated his inadequacy as a class representative by his lack of timeliness in filing for class certification. We agree. See Harriston v. Chicago Tribune Co., 992 F.2d 697, 704 (7th Cir.1993).
 
 
 3
 Williams also claims that the district court erred by dismissing defendants Lt. Cutee, Counselor Doe, Assistant Warden John Doe, Assistant Warden Jane Doe, and correctional officer Jane Doe because the marshal failed to effect service of process. See Del Raine v. Williford, 32 F.3d 1024, 1027-28 (7th Cir.1994). The record on this point is inadequate for review. On January 4, 1993, the district court dismissed the defendants without prejudice in a minute order, noting only that the dismissal was pursuant to Rule 4(j). The record contains no other information regarding why the defendants were dismissed, whether service was late or improper, or when a motion to dismiss the defendants was made. It is the duty of the appellant to provide a record of all relevant evidence on appeal. Fed.R.App.P. 10(b); see also Fed.R.App.P. 28(e); Littlefield v. McGuffey, 954 F.2d 1337, 1348 (7th Cir.1992). Accordingly, we deem this issue waived. See U.S. v. Williams, 877 F.2d 516, 519 (7th Cir.1989), cert. denied, 493 U.S. 863 (1989); McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984).
 
 
 4
 We review the district court's grant of summary judgment de novo and will affirm if it appears from the record that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986);. We must draw all reasonable inferences in favor of Williams. Schultz v. General Electric Capital Corp., 37 F.3d 329, 333 (7th Cir.1994); Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir.1994). Because Williams is proceeding pro se, we will read his arguments liberally. Bagola v. Kindt, 39 F.3d 779, 780-81 (7th Cir.1994). The sum of Williams' complaint is that the administrative rules adopted by Joliet Correctional Center punished Williams in a cruel and unusual manner, denied him due process, and treated him unequally.
 
 
 5
 To show cruel treatment, Williams must demonstrate that the conditions he was forced to endure were beyond the bounds of human decency when judged against an objective standard, and that the state prison officials either intentionally or recklessly subjected him to these conditions. Hudson v. McMillian, 112 S.Ct. 995, 999-1000 (1992); Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992). Williams claims that the prison officials forced him to mail personal articles home at his own expense, denied him access to the gymnasium and audio-visual equipment, limited his access to visitors, withheld certain hygiene products, did not prevent noises from distracting him in the library, and made the showers too hot. We do not believe these conditions rise to the level of an Eighth Amendment violation. See Lunsford v. Bennett, 17 F.3d 1574, 1579-80 (7th Cir.1994). "Inmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement." Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir.1988).
 
 
 6
 Williams alleges that the prison policy of confining new inmates in a separate wing of the prison with separate rules for access to the library and exercise area violates the equal protection clause. To establish an equal protection claim, Williams "must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group." Sherwin Manor Nursing Ctr. v. McAuliffe, No. 93-2625, slip op. at 7 (7th Cir. Oct. 6, 1994). Williams also claims that the prison policy of confiscating certain identification cards, forcing him to mail certain papers home, and restricting his visitation rights violated his due process. We disagree.
 
 
 7
 These regulations impose temporary restrictions on a prisoner until the prisoner is integrated into the prison population. Generally a prisoner is detained in the east cell block for only three weeks until transferred. The regulations are designed to maintain order and prison security. A prison regulation is valid if it is reasonably related to a legitimate penological interest. See Thornburgh v. Abbott, 490 U.S. 401 (1989); O'Lone v. Estate Shabazz, 482 U.S. 342, 349 (1987). While a prisoner in the east cell block, Williams did have privileges, but these privileges were limited because of his short stay in the east cell block. Thus, the regulations were reasonable controls.
 
 
 8
 Williams argues that the district court erred by striking his affidavits in support of his motion for summary judgment. The affidavits restate the alleged facts in his complaint and were stricken by the district court. Even if the basis of the district court's decision was in error, it would be harmless for the reasons stated above.
 
 
 9
 Williams also attempted to amend his complaint and sought a stay from summary judgment while simultaneously filing his own motion for summary judgment. These actions are inconsistent with Rule 56 and the trial court did not err by denying the motions.
 
 
 10
 The district court having correctly decided the issues presented to it, the judgment is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed, so the appeal is submitted on the briefs and record