70 F.3d 117
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lynn E. EASLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1226.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1995.*
Decided Nov. 2, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Lynn Easley was convicted by a jury of possession with intent to distribute cocaine and was sentenced to 180 months imprisonment. We affirmed his conviction on appeal. See United States v. Easley, 994 F.2d 1241 (7th Cir.1993). Easley now brings this motion attacking his sentence pursuant to 28 U.S.C. Sec. 2255 alleging that his trial counsel was ineffective and that the prosecutor's conduct violated Easley's right to due process. Easley's motion centers on an outer bag of evidence that allegedly had markings on it that were scratched out. The inner bag containing the cocaine apparently was not altered. He first contends that his trial counsel was ineffective for failing to investigate and object to the altered bag of evidence. He then contends that the prosecution erred by referring to the outer bag during closing arguments[1] and by withholding from the defense timely information that markings on the bag had been scratched out. Easley is proceeding pro se, so we will construe his brief liberally. Bagola v. Kindt, 39 F.3d 779, 780-81 (7th Cir.1994).
 
 
 2
 Easley's trial court counsel did not represent Easley on his appeal; therefore Easley's claim for ineffective assistance of counsel may be raised only if it is based on extrinsic evidence, rather than based solely on the trial record. Degaglia v. United States, 7 F.3d 609 (7th Cir.1993); United States v. Taglia, 922 F.2d 413, 417-18 (7th Cir.), cert. denied, 500 U.S. 927 (1991). Easley alleges that he instructed his counsel to investigate the markings on the outer evidence bag for alterations, and that by failing to investigate the bag, Easley was denied the opportunity to challenge the admission of the cocaine as evidence. This allegation is based on facts not in the trial record; therefore Easley may bring his ineffective assistance of counsel claim. See Bond v. United States, 1 F.3d 631, 635 (7th Cir.1993).
 
 
 3
 To show ineffective assistance of counsel, Easley must demonstrate that (1) his attorney's performance fell below an objective level of reasonableness, and (2) his attorney's error was so prejudicial that the result of the proceeding was rendered fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); United States v. Allender, 62 F.3d 909, 913 (7th Cir.1995). In reviewing the claim, we presume that counsel's performance was reasonable and assume the alleged errors were tactical moves, flawed only in hindsight. United States v. Trevino, 60 F.3d 333, 338 (7th Cir.1995). Easley's counsel examined the evidence bag when the bag was offered for admission as evidence but did not object. Easley claims, however, that his counsel's failure to investigate the markings on the bag before trial led his counsel to be unprepared to challenge the bag's admission.
 
 
 4
 We do not believe that counsel's failure to investigate or object constituted error. An exhibit is admissible as evidence upon a finding that the exhibit in question is what its proponents claim. Fed.R.Evid. 901(a); United States v. Barker, 27 F.3d 1287, 1292 (7th Cir.1994). This burden can be met through testimony of a witness with knowledge of the exhibit, and testimony of the chain of custody of the exhibit. Fed.R.Evid. 901(a); Michael H. Graham, Federal Practice & Procedure Sec. 6822 at 855-56 (1992). Chain of custody testimony must show only that the exhibit is in substantially the same condition as when the crime was committed. United States v. Scott, 19 F.3d 1238, 1245 (7th Cir.), cert. denied, 115 S.Ct. 163 (1994); United States v. Kelly, 14 F.3d 1169, 1175 (7th Cir.1994). "All the government must show is that reasonable precautions were taken to preserve the original condition of evidence; an adequate chain of custody can be shown even if all possibilities of tampering are not excluded." Id. Gaps in the chain of custody go to the weight of the evidence rather than its admissibility. United States v. Williams, 44 F.3d 614, 618 (1995).
 
 
 5
 Inspector Steven Prather testified at trial to witnessing the cocaine sale, taking custody of the cocaine, placing the cocaine in a clear plastic bag, heat sealing the plastic bag, initialing the bag, and transferring the bag for laboratory analysis. When shown the government's exhibit, he recognized his initials on the bag and affirmed that no changes to the bag occurred during its transportation. Tr. I at 22-24. Other than a small cut in the bag made during the lab analysis. Prather had no doubt that the cocaine in the inner evidence bag was the cocaine Easley had sold. Id. at 23, 37. Stephen Hampton, the forensic scientist who analyzed the cocaine, testified that he received the plastic bag from Prather, opened the outer evidence bag and the inner bag containing the cocaine, and analyzed and verified the substance to be cocaine. He then replaced the cocaine in the inner plastic bag, heat sealed and labeled the inner plastic bag with his marking, replaced the inner plastic bag into the outer police evidence bag, stapled the outer bag closed, and labeled the outer bag with his initials, the exhibit and case number, and the date the bag had been analyzed and sealed. Tr. I at 40-42. This testimony sufficiently prove the chain of custody of the cocaine. See Kelly, 14 F.3d at 1175-76 (inconsistencies between the list of evidence seized and evidence presented at trial did not disprove chain of custody because seal on evidence bags intact until laboratory analysis) (citing United States v. Aviles, 623 F.2d 1192, 1197 (7th Cir.1980) (chain of custody showing adequate because tape sealed evidence bags intact until laboratory analysis)).
 
 
 6
 Furthermore, Easley himself admitted to possessing the cocaine. Tr. I at 86-87. Thus, the government could have proven that Easley possessed the cocaine with intent to distribute it without introducing the cocaine as evidence. See Kelly, 14 F.3d at 1176 (government does not need to introduce narcotics into evidence to prove that defendant possessed and dealt the narcotics) (citing United States v. Lawson, 507 F.2d 433, 438 (7th Cir.1974), cert. denied, 420 U.S. 1004 (1975)). Because Easley was not prejudiced by his counsel's failure to object, Easley cannot show that his counsel's assistance was constitutionally deficient.
 
 
 7
 Easley failed to raise his last two claims regarding alleged prosecutorial misconduct on his direct appeal. The claims therefore are procedurally barred unless he can show "both good cause for his failure to raise the issue[s] on direct appeal and actual prejudice from the newly-asserted errors." Bond, 1 F.3d at 634; see also Daniels v. United States, 54 F.3d 290, 292 (7th Cir.1995). Easley does not allege good cause in his brief. Although a claim of ineffective assistance of counsel can be used to show cause. Easley was unable to establish that his counsel was constitutionally deficient. See supra. Therefore, Easley's last two issues are procedurally barred.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The prosecution stated, "You heard Inspector Prather and Steven Hampton testify this is cocaine. The numbers on this is [sic] not scratched out. They are not changed. Inspector Prather testified that this is the package he watched." Tr. II at 5. The district court found that the prosecution's remarks referred to the inner bag containing the cocaine, not the outer evidence bag