92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clarence J. FRANKLIN, Jr., Petitioner-Appellant,
v.
Daniel R. McBRIDE, et al., Respondents-Appellees.
 No. 965-3944.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 19, 1996.*
Decided July 22, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Clarence Franklin, an inmate at Indiana's Westville Correctional Center, brought this petition for habeas corpus relief, 28 U.S.C. § 2254, to challenge the prison disciplinary committee's decision to demote his earned credit class from class I to class II and to revoke 90 days of credit time. The disciplinary proceeding arose from an incident on Sunday, December 27, 1992, when Franklin was summoned to the squad room. He stopped at the bathroom to use its facilities and then reported to Lt. Marshall. Marshall informed him that he had been randomly selected to submit a urine sample for drug testing. Having just urinated, Franklin could not comply. Franklin contends that he waited the required two hours in the squad room, drank frequently from a nearby water fountain, but after the two hours, still could not urinate. He further contends that he offered to wait longer than the two hours but Marshall told him to return to the dorm. On January 7, 1993, Franklin received a disciplinary report charging him with refusing to comply with the mandatory drug screening test.
 
 
 2
 At the disciplinary hearing, Franklin did not dispute the fact that he did not produce a urine sample, but claimed that he was unable, not unwilling, to urinate. The disciplinary board listened to the testimony of witnesses called by Franklin and to Franklin's testimony, and reviewed the conduct report; it then determined that Franklin had violated the rules by refusing to give a urine sample. In his petition for habeas corpus relief, Franklin challenges the sufficiency of the evidence for the board's conclusion and argues that the due process afforded in the disciplinary hearing was constitutionally inadequate.[1] The district court denied relief finding that his arguments were without merit. We affirm.
 
 
 3
 Good time credit is a liberty interest which cannot be deprived without due process. Sandin v. Conner, 115 S.Ct. 2293, 2302 (1995); Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 454 (1985); Meeks v. McBride, 81 F.3d 717, 719 (7th Cir.1996). Due process entitles an inmate to (a) advance written notice of the charges, (b) an opportunity to call witnesses and present evidence in his defense when the presentation is not unduly hazardous to institutional safety and correctional goals, and (c) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action. Hill, 472 U.S. 454; Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Because Franklin is proceeding on appeal pro se, we read his brief liberally. Bagola v. Kindt, 39 F.3d 779, 780-81 (7th Cir.1994).
 
 
 4
 Franklin first argues that the CAB's decision was not supported by sufficient evidence. Our review of the CAB's decision is extremely narrow--we will uphold the finding of the disciplinary board so long as there is "some evidence" in the record that could support the disciplinary committee's decision. Meeks, 81 F.3d at 720; Henderson v. United States Parole Commission, 13 F.3d 1073, 1078 (7th Cir.), cert. denied, 115 S.Ct. 314 (1994). We will overturn the CAB's decision only if no reasonable adjudicator could have found Franklin guilty of the offense on the basis of the evidence presented. Henderson, 13 F.3d at 1077. The conduct report stated that Franklin had failed to comply with the mandatory drug test after waiting in the squad room for two hours. It also noted that Franklin had alleged that he was unable to urinate. Franklin has presented no evidence of a medical condition that interfered with his ability to urinate. We believe a reasonable fact finder could determine that two hours was a sufficient amount of time to induce urination. Therefore, the record presents "some evidence" supporting the disciplinary committee's decision.
 
 
 5
 Franklin next challenges the adequacy of the disciplinary hearing, claiming a second hearing was required before good time credits could be revoked. He received notice of the disciplinary hearing, was allowed to call witnesses and testify himself, and received a copy of the disciplinary hearing's findings. See Wolff, 418 U.S. at 563-67. Franklin does not show how this hearing was insufficient under Wolff such that a second hearing was required. However, we need not reach this claim because Franklin waived the claim by not presenting it before the district court. Kappos v. Hanks, 54 F.3d 365, 367 (7th Cir.1995).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 On April 24, 1996, while this case was pending on appeal, the President signed into law the "Antiterrorism and Effective Death Penalty Act of 1996." Pub.L. No. 104-132, 110 Stat. 1214. Title I of this Act significantly curtails the scope of federal habeas corpus review. We need not decide in this case to what extent these amendments apply to habeas petitions pending when the Act was signed into law because, even under the more expansive scope of review permitted prior to the Act, the Appellant in this case would not have been entitled to federal habeas corpus relief