104 F.3d 362
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Samuel HENDERSON, Petitioner-Appellant,
v.
Jack T. HARTWIG,[1] Respondent-Appellee.
 No. 95-2792.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1996.*
Decided Dec. 16, 1996.
 
 Before MANION, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Following a bench trial in the Circuit Court of Cook County, Samuel Henderson was found guilty of first degree murder and sentenced to 24 years' imprisonment. Henderson filed a direct appeal on the ground that the state failed to prove him guilty beyond a reasonable doubt because its chief witness, Mary Bingham, was a drug addict and therefore not credible. The Illinois Appellate Court denied relief and the Illinois Supreme Court denied Henderson's petition for leave to appeal. Henderson then pursued post-conviction relief in the Illinois courts arguing that the prosecution failed to disclose information about Bingham's drug use which would have impeached her veracity and that the prosecution knowingly presented perjured testimony by Bingham. The circuit court summarily dismissed Henderson's petition. The appellate court affirmed the circuit court's judgment and granted Henderson's attorney leave to withdraw as counsel pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). Henderson did not seek leave to appeal that decision to the Illinois Supreme Court.
 
 
 2
 Henderson filed a pro se petition for a writ of habeas corpus in the federal district court, 28 U.S.C. § 2254, raising the three grounds for relief that he raised on direct appeal and in his bid for post-conviction relief. Also, for the first time, he arguably raised a confrontation clause claim,[2] alleging that the trial court improperly limited his cross-examination of Bingham, the prosecution's chief witness, on the issue of her drug use. He then moved for an evidentiary hearing on the question of his guilt. The district court found that Henderson had procedurally defaulted the two claims raised in the state post-conviction proceedings (i.e. condoning perjury and failure to disclose information) by not presenting the issues to the Illinois Supreme Court, and by not alleging cause for the default. The court then denied Henderson's motion for an evidentiary hearing as unnecessary to the remaining issue--Henderson's claim that the prosecutor presented insufficient evidence to prove him guilty beyond a reasonable doubt--and denied his habeas petition on the merits.
 
 
 3
 On appeal, Henderson argues that the district court erred in denying his habeas petition because his right to confront Bingham on her criminal history and any resulting possibility of bias was denied by the trial court. He also argues that the district court erred in denying his motion for an evidentiary hearing. We affirm.
 
 
 4
 Henderson has forfeited his confrontation claim by failing to raise it in any of his state proceedings. See McClesky v. Zant, 499 U.S. 467, 490 (1991); Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir.1995). Even if it were possible to somehow construe his state post-conviction petition as including a confrontation clause claim, those claims were forfeited by his failure to seek leave to appeal the Illinois Appellate Court's decision. See Hogan v. McBride, 74 F.3d 144, 146 (7th Cir.1996) ("Forfeiture under § 2254 is a question of a state's internal law"); Cawley v. DeTella, 71 F.3d 691, 694 (7th Cir.1995) (holding under Illinois law a claim is forfeited by failure to appeal appellate court decision in post-conviction proceedings to Illinois Supreme Court). The only claim Henderson adequately preserved for federal habeas review is the claim of insufficient evidence which he did not raise on this appeal. In any event, the Illinois Appellate Court found against Henderson on this claim; a conclusion that is presumed correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1) (1996). Henderson has not met this burden. Because no substantive claim was preserved for appeal, the evidentiary hearing issue is moot.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Jack T. Hartwig replaced Mary Hardy-Hall as Warden of the Big Muddy River Correctional Center. Pursuant to Federal Rule of Appellate Procedure 43(c), this court on its own motion substitutes Jack T. Hartwig as Respondent-Appellee in this action
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 Henderson's petition to the district court did not clearly delineate the grounds supporting his request for relief. Instead, in prose style, Henderson indicated various alleged prosecutorial improprieties without stating how they violated his constitutional rights or rights under federal law. However, the pleadings of pro se litigants are construed liberally, see Bagola v. Kindt, 39 F.3d 779, 780-81 (7th Cir.1994), and there is language in the petition that could be construed as raising a confrontation clause issue