**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 22 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DARRELL PICKENS,

      Plaintiff-Appellant,

v.

FEDERAL BUREAU OF PRISONS,
named as "The United States ex rel. its
servants, employees, agents or
agencies and the Bureau of Prisons;"
UNITED STATES OF AMERICA ex
rel. its servants, employees, agents or
agencies,

      Defendants-Appellees.

No. 96-1246
(D.C. No. 95-M-2975)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Darrell Pickens appeals the district court's order adopting the recommendation of the magistrate judge, granting summary judgment to defendants on Mr. Pickens' amended complaint filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 28 U.S.C. § 1331, and 5 U.S.C. §§ 701-703.  In his complaint, Mr. Pickens sought compensatory and injunctive relief, and a declaratory judgment incident to injuries he received while working with a vegetable slicer in the food preparation unit of the Federal Correctional Institution at Englewood, Colorado.[1]

In recommending that the motion to dismiss be granted, the magistrate judge found that Mr. Pickens' sole remedy was to seek relief under 18 U.S.C. § 4126(c)(4).  See United States v. Demko, 385 U.S. 149, 152, 154 (1966) (holding that § 4126 offers the exclusive remedy for a prison inmate seeking compensation for injuries received while working in a prison); accord United

---

[1]     Mr. Pickens apparently cut his finger while using a vegetable slicer with a broken guard.  The cut required four stitches to close, and Mr. Pickens was relieved of work for two weeks.  He does not allege any permanent damage from this injury.

States v. Gomez, 378 F.2d 938 (10th Cir. 1967).  In addition, the court found that Mr. Pickens' request for administrative review under the Administrative Procedure Act, 5 U.S.C. § 701-703, was confused as there was no agency decision made in his case.

On Mr. Pickens' Bivens claim, the court agreed with defendants that they were entitled to sovereign immunity, as no Bivens action can be maintained against the United States or its agencies for compensatory damages.  See FDIC v. Meyer, 510 U.S. 471, 484-85 (1994).  Finally, the magistrate judge recommended that Mr. Pickens' motion for joinder of parties be denied as futile.

On appeal, Mr. Pickens raises only one issue--that the district court erred in denying his motion for joinder of parties.  Mr. Pickens asserts that if he had been allowed to add three named prison employees as defendants, he would have been able to maintain his Bivens claim against those defendants individually.  The defendants assert that the magistrate judge was correct in concluding that this joinder would not have saved Mr. Pickens' complaint.  We agree.

We review the grant of summary judgment de novo and apply the same legal standards used by the district court.  See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).  "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law."  Russillo v.

Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991). We review a district court's decision to deny a motion for joinder of parties under Fed. R. Civ. P. 20(a) for an abuse of discretion. See Watson v. Blankinship, 20 F.3d 383, 389 (10th Cir. 1994).

The magistrate judge properly found that 18 U.S.C. § 4126, a federal prison worker's compensation statute, is the exclusive remedy for tort suits against the Government. See Demko, 385 U.S. at 152. Although other circuits have held that a Bivens claim for prisoners' work-related injuries is not precluded by § 4126, see, e.g., Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996); Bagola v. Kindt, 39 F.3d 779, 780 (7th Cir. 1994), this court has not addressed the issue. We discern no need to decide the issue here, however, because even if Mr. Pickens had been given leave to join defendants, his Bivens claim would fail.

In Bivens, the Supreme Court recognized that damages may be obtained for constitutional injuries by federal officials. 403 U.S. at 395-97. Here, Mr. Pickens attempts to claim that the failure of the food preparation supervisory staff to repair or replace the defective vegetable slicer constitutes an infliction of cruel and unusual punishment in violation of the Eighth Amendment. See Farmer v. Brennan, 114 S. Ct. 1970, 1976 (1994) (under Eighth Amendment, prison officials "must 'take reasonable measures to guarantee the safety of the inmates'") (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

In order to maintain a successful Eighth Amendment claim, a prisoner must show that defendants were deliberately indifferent to a substantial risk of serious harm to the prisoner. See id. at 1977. This court has held that this inquiry must include a determination of whether the prison official acted with a sufficiently culpable state of mind, and if the action or inaction was harmful enough to constitute a constitutional violation. See Mitchell v. Maynard, 80 F.3d 1433, 1442 (10th Cir. 1996). Moreover, no liability can be found if the prison officials respond reasonably to the risk, even if the harm was not ultimately avoided. See Farmer, 114 S. Ct. at 1982-83.

Mr. Pickens has stated no claim of constitutional deprivation or violation under Bivens. Even assuming that Mr. Pickens' injury constitutes substantial harm, his claim is predicated on nothing more than negligent inaction in the failure of the food preparation supervisory staff to repair or replace the vegetable slicer prior to his accident. See Berry v. City of Muskogee, 900 F.2d 1489, 1495 (10th Cir. 1990) (noting that deliberate indifference requires "a higher degree of fault than negligence, or even gross negligence").

Therefore, it is clear that even with the addition of the individual defendants, Mr. Pickens' complaint fails to state a cognizable Bivens claim. Accordingly, the grant of summary judgment to defendants was proper, and denial of Mr. Pickens' motion for joinder of defendants on the basis of futility was not

an abuse of discretion.  <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (a court need not grant leave to amend if amendment would be futile).

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge